UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO.: 1:14-cv-00221-MW-GRJ

DANIEL WOOD, on his own behalf and
others similarly situated,

    Plaintiff,

v.

COLLEGIATE PROPERTIES, INC., a
Florida corporation, and HARRY SAXTON,
individually,

    Defendants.
_____/

**PLAINTIFF, DANIEL WOOD'S, NOTICE OF FILING
ANSWERS TO COURT'S INTERROGATORIES**

    Plaintiff, DANIEL WOOD, by and through the undersigned counsel and pursuant to the Court's Order Granting Motion for FLSA Scheduling Order [D.E. 7], hereby serves his Answers to the Court's Interrogatories.

| | |
|---|---|
| Dated: February 17, 2015<br>       Boca Raton, Florida | Respectfully submitted,<br><br>**/s/CAMAR R. JONES**<br>Camar R. Jones<br>Fla. Bar No. 720291<br>Email: cjones@shavitzlaw.com<br>SHAVITZ LAW GROUP, P.A.<br>1515 S. Federal Hwy, Suite 404<br>Boca Raton, Florida 33432<br>Telephone: (561) 447-8888<br>Facsimile: (561) 447-8831<br>Attorneys for Plaintiff |

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

/s/CAMAR R. JONES
Camar R. Jones

## SERVICE LIST
*Wood v. Collegiate Properties, Inc.*
*Case No.: 1:14-cv-00221-MW-GRJ*
*United States District Court, Northern District of Florida*

Paul A. Donnelly, Esquire
Email: paul@donnellygross.com
Jung Yoon
Email: jung@donnellygross.com
Donnelly + Gross
2421 NW 41 Street, Suite A-1
Gainsville, FL 32606
Telephone 352-374-4001
Facsimile 352-374-
Attorneys for Defendant
Served via CM/ECF

## ANSWERS TO THE COURT'S INTERROGATORIES

**1.     During what period of time were you employed by the Defendant?**

Plaintiff worked for Defendants from October 2013 and March 2014. He was employed approximately 19 work weeks.

**2.     Who was your immediate supervisor?**

Richard Ashbrook.

**3.     Did you have a regularly scheduled work period?  If so, specify.**

Plaintiff scheduled was Monday through Friday, from 9:00 am to 5:00 pm but Plaintiff typically worked Sunday, Monday, Tuesday from as early as 9:00 am to as late as midnight and Wednesday through Friday, from as early as 9:00 am to as late as 9:00pm and approximately two Saturdays per month for about four hours.

**4.     What was your title or position?  Briefly describe your job duties.**

Plaintiff was titled a "Bookkeeper." Plaintiff's primary duties were makes sure all transactions are accounted for; reconciles all money in and out; including monies for repairs and maintenance; approve bills to be paid; assist on payroll deductions..

**5.     What was your regular rate of pay?**

Plaintiff's hourly rate of pay was $14.00.

**6.     Provide an accounting of your claim, including:**

   **a.     Dates**

<u>See</u> responses to interrogatories 1, 3 and 5 above.

Based on the foregoing, Plaintiff typically worked as many as 65 hours per week. Defendants compensated Plaintiff for a portion of the overtime hours he worked. Frequently, Defendants only compensated Plaintiff for an average of 5 overtime hours, instead of all of he overtime hours he worked in a work week. Assuming, for purposes of these interrogatories[1], that

---

[1] The number of overtime hours Plaintiff was paid, and the number of hours which Defendants withheld compensation varied from week to week. Accordingly, Plaintiff does not have records of the hours he worked nor the compensation he received from Defendants as yet.  This calculation is based on the information presently available to Plaintiff.  Plaintiff reserves the right to amend or supplement his interrogatory response upon production of his time and compensation records.  Plaintiff is presently providing a good faith calculation of his damages.

3

Plaintiff worked an average of 55 hours each week (including 15 overtime hours), but was only compensated for 5 hours each week, Plaintiff would be owed compensation for 10 overtime hours each week. Therefore, Plaintiff's overtime damages would be:

$14.00 x 1.5 = $21.00 half time overtime rate
$21.00/hour x 10 overtime hours per week x 19 work weeks = $3,990.00

    **b.**    **Regular hours worked**

Plaintiff typically worked 40 regular hours each week.

    **c.**    **Overtime hours worked**

Plaintiff worked as much as 25 overtime hours in a work week.

    **d.**    **Pay received versus pay claimed**

Plaintiff was usually paid at his regular rate of pay for his first 40 hour of work. But he was only paid for a portion of the overtime hours he worked, usually about 5 overtime hours per week. Therefore, Plaintiff is owed overtime compensation for the additional hours for which he was not paid, as calculated above.

    **e.**    **Total amount claimed**

See 7a above.

**7.**    **When did you (or your attorney) first complain to your employer about alleged violations of the FLSA?**

Plaintiff complained to Richard when he was being terminated it about not being paid for all the working hours along with other matters not regarding to compensation.

**8.**    **Was this complaint written or oral? (If a written complaint, please attach a copy).**

Oral.

**9.**    **What was your employer's response? (If a written response, please attach copy).**

I am sorry but this is the route the company choose to go.

---

Plaintiff previously requested copies of his time and compensation records from Defendants before providing a calculation. However, Defendants refused.

4

## VERIFICATION

Pursuant to 28 U.S.C. section 1746, I hereby declare under penalty of perjury that the foregoing is true and correct on this the 16 day of February, 2015.

_____
Daniel Wood